# PLATZER, SWERGOLD, GOLDBERG, KATZ & JASLOW, LLP

*COUNSELORS AT LAW*

475 PARK AVENUE SOUTH
18TH FLOOR
NEW YORK, NEW YORK 10016
TELEPHONE 212.593.3000
FACSIMILE 212.593.0353

WWW.PLATZERLAW.COM
NY DCL # 2035058

FOUR GREENTREE CENTRE
601 ROUTE 73 NORTH
SUITE 305
MARLTON, NEW JERSEY 08053
TELEPHONE 856.782.8644

☐ *If checked, reply to New Jersey Office*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: **11/18/2021**

November 17, 2021

Via ECF and email:
ALCarterNYSDChambers@nysd.uscourts.gov

**MEMO ENDORSED**

Hon. Andrew L. Carter, Jr.
United States District Court
40 Foley Square, Room 435
New York, New York 10007

      Re:    The D&M Capital Group, LLC (the "Debtor")
                Case No. 21-cv-05001 (ALC)

Dear Judge Carter,

      This firm represents Shanghai Pearls & Gems, Inc. d/b/a Ultimate Diamond Co., the appellant ("Appellant") in the above-referenced bankruptcy appeal of an Order Approving a Settlement between Alan Nisselson, Chapter 7 Trustee of the bankruptcy estate of The D&M Capital Group, LLC (the "Trustee") and Radwan Diamond & Jewellery Trading ("Radwan").

      By a Memo Endorsed Order dated October 7, 2021, Appellant's Brief in this matter is currently due to be filed on or before today, November 17, 2021. The same Order provides that any future requests for extensions include a joint status report concerning the settlement negotiations.

      We are writing to request an approximate 60-day extension of the time to file Appellant's Brief. We have discussed this request with the Trustee, who has consented to it, while also making it clear that he will not consent to any further extension requests. As per the Order, Appellant also provides the Court with the following report on the status of settlement discussions. The Trustee takes no position on this report as he is not directly involved in those settlement discussions.

      By way of background, immediately upon filing its Chapter 11 bankruptcy case, the Debtor initiated an Adversary Proceeding in the Bankruptcy Court against Essex Global Trading, LLC ("Essex") and Aleks Paul ("Paul"). It has been alleged by, initially the Debtor when the Debtor's bankruptcy case was a Chapter 11 case and now the Trustee since the Debtor's case was converted to Chapter 7, that Essex and/or Paul are in unlawful possession of four (4) particular stones and

pieces of jewelry that are property of the Debtor's bankruptcy estate. At the time of the events in question in the Adversary Proceeding, Appellant was a partial owner of one of the stones along with the Debtor and Radwan (each a 1/3 owner). Radwan, along with the Debtor and another creditor, is also a partial owner of one of the other stones/jewelry that the bankruptcy estate is seeking the return of from Essex and/or Paul. That same "other" creditor is a partial owner with the Debtor of the other two "missing" stones/jewelry that are alleged to be in the possession of Essex and/or Paul.

As it pertains to this appeal, Radwan was in possession of an inventory of stones/jewelry which was partially owned by it and the Debtor, and the Debtor was in possession of other inventory of stones/jewelry partially owned by Radwan. After certain motions had been filed in the Bankruptcy Court, the Trustee and Radwan entered into negotiations and arrived at a settlement whereby both Radwan and the Debtor's estate would be allowed to keep the inventory in its respective possession free of the other party's claims and interests. The Trustee filed a motion to approve the settlement with Radwan (the "Radwan Settlement"), and Ultimate objected to the Radwan Settlement. The Bankruptcy Court granted the Trustee's motion to approve the Radwan Settlement, and this is the matter that is up on appeal before this Court.

After the date objections to the Radwan Settlement were due to be filed and prior to the Bankruptcy Court hearing on the Trustee's Motion to approve the Radwan Settlement, the Trustee also filed a Motion to approve a settlement of the Adversary Proceeding with Essex and Paul (the "Essex Settlement"). Objections to the Essex Settlement were due after the hearing on the Motion to approve the Radwan Settlement. (Without arguing this appeal but for the sake of background, Ultimate's issues are with how the Bankruptcy Court conducted the hearing to consider approval of the Radwan Settlement and the information used to obtain the result.) Ultimate also filed an objection to the Trustee's Motion to approve the Essex Settlement. Thereafter, at a status conference, the Bankruptcy Court directed that the creditors involved in the various litigations enter into mediated settlement discussions, using as the mediator an industry insider familiar with all parties concerned. It is these settlement discussions that Ultimate refers to in its requests for extensions of its time to file Appellant's Brief.

Vis-à-vis Ultimate, its settlement negotiations have been focused on Essex and Paul to arrive at a resolution of Ultimate's claim on its 1/3 interest in the one stone that Essex and/or Paul are alleged to be in possession of. At the urging of the mediator, Ultimate has come down from its prior settlement posture by a substantial sum, and made a counteroffer to Essex and/or Paul of an amount it would be willing to accept from them to settle its claim concerning the stone in question. As of the date of this letter, Ultimate has not received a response in over a month from either the mediator or Essex/Paul to this counteroffer. The Trustee has indicated that he will contact the mediator and counsel for Essex/Paul to independently inquire as to the status of the mediated settlement discussions.

Notwithstanding, Ultimate is of the belief that the mediated settlement process has not run its course, and Appellant still believes efforts made toward resolution would be prudent in this matter. If settlement is reached, it is likely to include a resolution of the issues concerning this appeal.

We are aware that your Honor's Individual Rules provide for submission of a Stipulation to reschedule dates by which briefs are due, however, counsel that was previously representing Radwan in the Debtor's bankruptcy case has been given permission to withdraw as its counsel,

and to our knowledge no successor counsel has appeared.  Radwan is located in the United Arab Emirates and for the time being, the only form of communication with it is through U.S. Registered Mail.  Thus, we cannot obtain a Stipulation by all involved parties despite several requests for a response.

Accordingly, it is respectfully requested that an approximate 60-day extension of time to Thursday, January 20, 2021, to file Appellant's Brief, be granted.  Appellant respectfully requests that such an extension be without prejudice to requesting further extensions based on the progress of the mediation and other facts and circumstances relevant to the matter.

Respectfully,

PLATZER, SWERGOLD,
 GOLDBERG, KATZ & JASLOW, LLP

By: */s/ Andrew S. Muller*
Andrew S. Muller

cc:   Leslie Barr, Esq., counsel for Trustee (via email)
      Radwan Diamond & Jewellery Trading (via U.S. Registered Mail)

Appellant's request is hereby **GRANTED**.   For any future request beyond **January 20, 2022**, the Parties shall file a joint status report updating the Court on the status of settlement negotiations.  Appellant is hereby **ORDERED** to serve Radwan with the instant order and file proof of service no later than **November 24, 2021**.

SO ORDERED:

HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

**Dated: 11/18/2021**